UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WALLER,

       Plaintiff,

v.

                                        Case No. 07-13300

LIFE BANK, WILSHIRE CREDIT
CORPORATION, COASTAL BANK ssb,      Honorable Patrick J. Duggan
CAPITAL ONE BANK NA, SUSAN C.
MYERS, and their agents, employees,
representatives, servants.  Jointly, Severally,
and individually,

       Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANT SUSAN C. MYER'S
MOTION FOR SUMMARY JUDGMENT, STRIKING PLAINTIFF'S MOTION
TO STAY, AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 22, 2007.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On July 17, 2007, Daniel Waller ("Plaintiff"), proceeding *pro se*, filed this lawsuit

against Defendants Life Bank, Wilshire Credit Corporation ("Wilshire"), Coastal Bank,

Capital One Bank, N.A. ("Capital One"), and Susan C. Myers ("Myers").  On August 8,

2007, Defendants Wilshire and Capital One timely removed this action on the basis of

federal question jurisdiction. Plaintiff's complaint[1] alleges the following counts: Count I ("Violation of FDCPA § 809, 15 USC 1692(g)"); Count II ("Violated [*sic*] the Real Estate Settlement Procedures Act (RESPA)"); Count III ("Violation of FDCPA § 806, 15 USC 1692"); Count IV ("Fraud"); Count V ("Violated [*sic*] the Fourteen [*sic*] Amendment"); Count VI ("Violated [*sic*] the Federal Banking Law 12 USC § 24(7)"). Presently before this Court are the following motions: (1) Defendant Myers's Motion to Dismiss or, in the alternative, for Summary Judgment; (2) Plaintiff's "Motion to Stay of Proceedings;" and (3) Plaintiff's "Motion for Sanctions." On August 21, 2007, one day after Defendant Myers's filed her motion, the Court sent a notice to the parties, indicating that Defendant Myers's motion had been filed. In the Court's notice, it reminded the parties that pursuant to Local Rule 7.1(d) "[a] response to a dispositive motion must be filed within 21 days after service of the motion." Plaintiff has not responded to Defendant Myers's motion. Defendants Wilshire and Capital One have filed a response to Plaintiff's "Motion to Stay of Proceedings," to which Plaintiff has replied. Defendant Myers has filed a response to Plaintiff's "Motion for Sanctions," to which Plaintiff has replied. On October 1, 2007, the Court sent a notice to the parties stating that the Court was dispensing with oral argument with respect to the above-listed motions. *See* E.D. Mich. LR 7.1(e)(2).

I.    **Background**

---

[1]Plaintiff's Complaint is actually entitled "Motion to Set Aside the Sheriff's Deed and Void the Foreclosure Proceedings Complaint and Petition for Declaratory Judgment and Injunction Relief."

On January 29, 1999, Plaintiff purchased a piece of "residential rental property" located at 4723 Julius Boulevard in Westland, Michigan. (Compl. ¶ 7.) Plaintiff obtained a loan on the property through Life Bank. (*Id.*) The total amount of the loan was $47,200.00. (*Id.* ¶ 17.) Plaintiff's loan was secured by a mortgage on the property. The mortgage was later transferred by Life Bank to Wilshire and transferred again to Capital One. (*Id.* ¶ 8.) Plaintiff subsequently defaulted on the loan. Thereafter, Capital One instituted non-judicial foreclosure proceedings.

On January 17, 2007, the mortgaged property was sold at a sheriff's sale to Capital One. (*See* Compl. Ex. B.) After the sale, Myers's law firm, Orlans Associates, PC, was hired, and Myers reviewed and signed an Affidavit Declaring Redemption Designee. (*See* Dft.'s Mot. Ex. 1, Myers Aff. ¶ 2.)

Plaintiff brought this lawsuit requesting that the Court set aside the sheriff's deed and void the foreclosure sale.

## II.  Plaintiff Myers's Motion to Dismiss or, in the alternative, for Summary Judgment

### A. Standards of Review

In her motion, Defendant Myers moves to dismiss or, in the alternative, for summary judgment. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In deciding such a motion, "a district court must accept as true all allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff." *Kottmyer v. Mass*, 436 F.3d 684, 688 (6th Cir. 2006). While liberal, this standard of review requires "more than the bare assertion of legal

3

conclusions," *Columbia Natural Res. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995), and the district court need not accept as true "unwarranted factual inferences." *Kottmyer*, 436 F.3d 688.

This Court will grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). No genuine issue of material fact exists for trial unless, by viewing the evidence in a light most favorable to the nonmoving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The moving party bears the burden of informing this Court of the basis for its motion and identifying those portions of the record that establish the absence of a material issue of fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

Once the moving party has met its burden, Rule 56(e) requires the nonmoving party to look beyond the pleadings and designate specific facts showing that a genuine issue exists for trial. FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 322-24, 106 S. Ct. at 2552-53. It is not enough that the nonmoving party comes forward with the "mere existence of a scintilla of evidence . . . ," *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512, or some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). Rather, the nonmoving party must present significant probative evidence in support of its opposition to the motion for summary judgment. *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th

4

Cir. 1993).

**B. Applicable Law and Analysis**

 1. <u>Counts I and III – Violations of the Fair Debt Collection Practices Act (FDCPA)</u>

In Counts I and III of his complaint, Plaintiff alleges that Defendants violated 15 U.S.C. §§ 1692d and 1692g by failing to verify a debt and cease collection efforts until such verification was received and by making threats and engaging in other harassing conduct. (*See* Compl. Counts I and III.) Both of the statutory provisions Defendants allegedly violated apply only to "debt collectors." *See* 15 U.S.C. §§ 1692d and 1692g; *see also* 15 U.S.C. 1692a(6)(defining "debt collector"). Attorneys who merely represent creditors and do not send demand letters to debtors do not act as "debt collectors" under the FDCPA. *Williams v. Trott*, 822 F. Supp. 1266, 1268-69 (E.D. Mich. 1993)(Edmunds, J.); *see also Termarsch v. Fabrizio & Brook, P.C.*, 06-12514, 2006 U.S. Dist. LEXIS 78883, at *6 (E.D. Mich. Oct. 30, 2006).

In her affidavit, Defendant Myers states that "the only contact [she] had with [Plaintiff], his property or the foreclosure process was when [she] signed the Affidavit Declaring Redemption Designee – which took place following the foreclosure sale." (Myers Aff. ¶ 3.) Moreover, Defendant Myers states that she has "never engaged in any collection efforts against Plaintiff or his property." (*Id.* ¶ 5.) Plaintiff has failed to respond with evidence refuting these sworn statements. Consequently, Defendant Myers is entitled to summary judgment on Plaintiff's FDCPA claims.

 2.  <u>Count II – Violation of RESPA</u>

In Count II of his Complaint, Plaintiff alleges that the Defendants failed to notify him that his loan was being transferred to a new servicer in violation of RESPA. *See* 12 U.S.C. § 2605(c). Plaintiff, however, has failed to respond with evidence refuting Defendant Myers's statement that she "was not involved with any loan servicing for Plaintiff's debt." (Myers Aff. ¶ 6.) Therefore, Defendant Myers is entitled to summary judgment on Plaintiff's RESPA claim.

### 3. Count IV – Fraud

In Count IV of his Complaint, Plaintiff seems to allege a common law claim of fraud. Rule 9(b) of the Federal Rules of Civil Procedure requires an allegation of fraud to be "stated with particularity." FED. R. CIV. P. 9(b). While this rule is read liberally, at a minimum, a plaintiff must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foarmex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993). Because Plaintiff merely quotes the section of American Jurisprudence defining fraud without identifying any allegedly fraudulent act undertaken by Defendant Myers, (*see* Compl. Count IV), Count IV of Plaintiff's Complaint must be dismissed with respect to Defendant Myers.

### 4. Count V – Fourteenth Amendment Violation

In Count V of his Complaint, Plaintiff merely quotes an introductory paragraph of the court's opinion in *Garner v. Tri-State Dev. Co.*, 382 F. Supp. 377 (E.D. Mich. 1974). In *Garner*, the Court held that, as applied to the specific facts and circumstances before the court, the plaintiff's Fourteenth Amendment due process rights were violated when no

hearing was held prior to the foreclosure by advertisement. *Id.* at 380. In this case,

Plaintiff fails to allege any conduct on the part Defendant Myers that violated his

Fourteenth Amendment right to due process. Consequently, Count V of Plaintiff's

Complaint must be dismissed with respect to Defendant Myers.

> 5. <u>Count VI – Violation of Federal Banking Law 12 U.S.C. § 24(7)</u>

Count VI of Plaintiff's complaint is entitled "Violated [*sic*] the Federal Banking

Law 12 USC § 24(7)" and contains the following allegation:

> 49. The Plaintiff reallege and incorporates by reference
> paragraphs 1 through 48 of this complaint, inclusive of each
> and every paragraph and exhibit as though it were fully stated
> below word for word, paragraph for paragraph, exhibit by
> exihibt, and states as follows:

This allegation is insufficient state a claim for which relief can be granted. Consequently,

Count VI of Plaintiff's complaint will be dismissed with respect to Defendant Myers.

## II.   **Plaintiff's Motion to Stay Proceedings**

Plaintiff's entire "Motion to Stay of Proceedings" states:

> Upon Plaintiffs' Motion to Stay of Proceedings in the 18th
> District Court and enforcement of judgment are stayed
> pending resolution of Plaintiffs' [*sic*] case in UNITED
> STATES DISTRICT COURT EASTERN DISTRICT OF
> MICHIGAN SOUTHERN DIVISION[.]

(Doc. No. 13.)

In their response brief, Defendants Wilshire and Capital One contend that Plaintiff's

"Motion to Stay of Proceedings" fails to comply with Rule 7(b) of the Federal Rules of

Civil Procedure. Rule 7(b) requires a party filing a motion to "state with particularity the

grounds therefor." FED. R. CIV. P. 7(b). In his reply, Plaintiff states that "[t]he grounds

upon which [his "Motion to Stay of Proceedings"] is based is MCR 2.104, MCR 2.105, MCR 2.113(B), MCR 211.78(H) AND Subchapter 4.200."  (Doc. No. 15.)  Assuming Plaintiff's reply is sufficient to comply with Rule 7(b), this Court believes that the asserted grounds are insufficient for this Court to stay any proceedings in the 18th District Court.  Therefore, Plaintiff's "Motion to Stay of Proceedings" will be denied.

### III.  Plaintiff's Motion for Sanctions

In his "Motion for Sanctions," Plaintiff appears to argue that a "Defendant" should be sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure and Rule 2.113(B) of the Michigan Court Rules for filing a "Complaint Termination of Tenancy" in the 18th District Court after Plaintiff filed the present lawsuit.[2]

Rule 11 of the Federal Rules of Civil Procedure does not apply to the "Complaint Termination of Tenancy," which was filed in the 18th District Court (a state court).  *See* FED. R. CIV. P. 1 ("These rules govern the procedure in the United States district courts . . . .").  Moreover, Michigan Court Rule 2.113(B) specifically, and Michigan Court Rule 2.113 generally, governs the form of pleadings and other papers filed in Michigan state court.  *See* MICH. CT. R. 2.113.  Therefore, neither Rule 11 of the Federal Rules of Civil Procedure nor Rule 2.113(B) of the Michigan Court Rules provide any basis for sanctions against Defendants.  Therefore, Plaintiff's "Motion for Sanctions" will be denied.

---

[2]Plaintiff has attached a "Complaint Termination of Tenancy" to his "Motion for Sanctions," which was signed by Frederick J. Coleman on July 20, 2007, three days after Plaintiff filed the present lawsuit.  Plaintiff appears to be contending that because Mr. Coleman indicated on the "Complaint Termination of Tenancy" that "[t]here is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this complaint," that Mr. Coleman or a "Defendant" should be sanctioned pursuant to above-listed federal and state rules.

Accordingly,

**IT IS ORDERED** that Defendant Myers's Motion to Dismiss or, in the alternative,

for Summary Judgment is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Stay of Proceedings" is

**DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Sanctions" is **DENIED.**

         s/PATRICK J. DUGGAN
         UNITED STATES DISTRICT JUDGE

Copies to:
Daniel Waller
4710 Julius Blvd.
Westland, MI 48186

Timothy Myers, Esq.
Brandon K. Buck, Esq.