UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WALLER,
    Plaintiff,

v.

LIFE BANK, WILSHIRE CREDIT
CORPORATION, COASTAL BANK ssb,      Case No. 07-13300
CAPITAL ONE BANK NA, SUSAN C.
MYERS, and their agents, employees,      Honorable Patrick J. Duggan
representatives, servants. Jointly, Severally,
and individually,
    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS WILSHIRE CREDIT CORPORATION, INC. AND CAPITAL ONE BANK, NA'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT AND DISMISSING LIFE BANK AND COASTAL BANK WITHOUT PREJUDICE

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 13, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On July 17, 2007, Daniel Waller ("Plaintiff"), proceeding *pro se*, filed this lawsuit against Defendants Life Bank, Wilshire Credit Corporation ("Wilshire"), Coastal Bank, Capital One Bank, N.A. ("Capital One"), and Susan C. Myers ("Myers").[1] On August 8, 2007, Defendants Wilshire and Capital One timely removed this action on the basis of

---

[1] On October 22, 2007, this Court granted Defendant Myers' motion to dismiss or, in the alternative, for summary judgment. (Doc. No. 24.)

federal question jurisdiction. Plaintiff's complaint[2] alleges the following counts: Count I ("Violation of FDCPA § 809, 15 USC 1692(g)"); Count II ("Violated [*sic*] the Real Estate Settlement Procedures Act (RESPA)"); Count III ("Violation of FDCPA § 806, 15 USC 1692"); Count IV ("Fraud"); Count V ("Violated [*sic*] the Fourteen [*sic*] Amendment"); Count VI ("Violated [*sic*] the Federal Banking Law 12 USC § 24(7)"). Presently before this Court is Defendants Wilshire Credit Corporation, Inc. and Capital One Bank, NA's Motion to Dismiss or, Alternatively, for Summary Judgment. On February 11, 2008, the Court sent the parties a notice stating that the Court is dispensing with oral argument on Wilshire and Capital One's motion. *See* E.D. Mich. LR 7.1(e)(2).

**I.** **Wilshire and Capital One's Motion to Dismiss or, Alternatively, for Summary Judgment**

    **A.** **Background**

On January 29, 1999, Plaintiff purchased a piece of "residential rental property" ("property") located at 4723 Julius Boulevard in Westland, Michigan. (Dfts.' Mot. Ex. A.) Plaintiff obtained a loan in the amount of $47,200.00 to purchase the property from Life Bank. (*Id.*) To secure repayment of the loan, Plaintiff and his wife, Tanya C. Waller, granted Life Bank a mortgage in the property. (*Id.*) Life Bank recorded its mortgage in the Wayne County Register of Deeds ("WRCD") on February 15, 1999. (*See id.*)

Life Bank assigned its mortgage in the property to Coastal Bank on March 22, 1999.

---

[2]Plaintiff's Complaint is actually entitled "Motion to Set Aside the Sheriff's Deed and Void the Foreclosure Proceedings Complaint and Petition for Declaratory Judgment and Injunction Relief."

(Dfts.' Mot. Ex. B.) This assignment was recorded in the WCRD on September 8, 1999. (*See id.*) Coastal Bank was later merged into Capital One on May 13, 2004.

Wilshire acquired the servicing rights for Plaintiff's loan on March 1, 2001. (Dfts.' Mot. Ex. D, William Barber Affidavit ("Barber Aff.") ¶ 5.)

Plaintiff subsequently defaulted under the mortgage, and on January 17, 2007, the mortgaged property was sold at a sheriff's sale to Capital One. (*See* Compl. Ex. B.) Plaintiff brought this lawsuit requesting that the Court set aside the sheriff's deed and void the foreclosure sale.

**B.    Standards of Review**

In their motion, Wilshire and Capital One move to dismiss or, in the alternative, for summary judgment. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In deciding such a motion, this "Court must construe the complaint in a manner most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Bledsoe v. Cmty. Health Sys.*, 501 F.3d 493, 502 (6th Cir. 2007)(quoting *Bell Atlantic v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1974 (2007)). While liberal, this standard of review requires "more than the bare assertion of legal conclusions," *Columbia Natural Res. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995), and the district court need not accept as true "unwarranted factual inferences." *Kottmyer v. Mass*, 436 F.3d 684, 688 (6th Cir. 2006).

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, this Court will grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and

any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). No genuine issue of material fact exists for trial unless, by viewing the evidence in a light most favorable to the nonmoving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The moving party bears the burden of informing this Court of the basis for its motion and identifying those portions of the record that establish the absence of a material issue of fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

Once the moving party has met its burden, Rule 56(e)(2) requires the nonmoving party to look beyond the pleadings and designate specific facts showing that a genuine issue exists for trial. FED. R. CIV. P. 56(e)(2); *Celotex*, 477 U.S. at 322-24, 106 S. Ct. at 2552-53. It is not enough that the nonmoving party comes forward with the "mere existence of a scintilla of evidence . . . ," *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512, or some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). Rather, the nonmoving party must present significant probative evidence in support of its opposition to the motion for summary judgment. *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).

    **C.    Applicable Law and Analysis**

        1.    <u>Counts I and III – Violations of the Fair Debt Collection Practices Act (FDCPA)</u>

In Counts I and III of his complaint, Plaintiff alleges that Defendants violated 15

U.S.C. §§ 1692d and 1692g by failing to verify a debt and cease collection efforts until such verification was received and by making threats and engaging in other harassing conduct. (*See* Compl. Counts I and III.) Both of the statutory provisions Defendants allegedly violated apply only to a "debt collector." *See* 15 U.S.C. §§ 1692d and 1692g. Wilshire and Capital One argue that they were not debt collectors within the meaning of the FDCPA and thus, they cannot be held liable for any alleged violations of the FDCPA.

As defined by the FDCPA, a "debtor collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . ." 15 U.S.C. § 1692a(6). A "debt collector" does not include "any person collecting or attempting to collect any debt owed or due to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person . . . ." *Id.* § 1692a(6)(F)(iii). The Sixth Circuit has held that "'[t]he legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors . . . or an assignee of a debt, as long as the debt was not in default at the time that it was assigned.'" *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996)(quoting S. Rep. No. 95-382, 95th Cong., 1st Sess. 3, *reprinted in* 1977 U.S. Code Cong. & Ad. News 1695, 1698).

In support of their argument that they were not debt collectors, Wilshire and Capital One proffer the affidavit of William Barber, Esq., the Custodian of Records for Wilshire. (*See* Dfts.' Mot. Ex. D, Barber Aff. ¶ 2.) In his affidavit, Mr. Barber states that when

5

Wilshire acquired servicing rights for Plaintiff's mortgage loan on March 1, 2001, the loan was current and not in default. (*Id.* ¶ 7.) It follows then that when Coastal Banc, which was later merged into Capital One, was assigned the mortgage on March 22, 1999, the loan was current and not in default at that time as well. Accordingly, the evidence in this record shows that Wilshire and Capital One were not "debt collectors" within the meaning of the FDCPA. Therefore, Wilshire and Capital One cannot be held liable under the FDCPA and are thus entitled to summary judgment as to Counts I and III of Plaintiff's complaint.[3]

2.      Count II – Violation of RESPA

In Count II of his complaint, Plaintiff alleges that the Defendants failed to notify him that his loan was being transferred to a new servicer in violation of RESPA. RESPA requires entities transferring or receiving servicing rights to mortgage loans to provide written notice to a borrower of any assignment, sale, or transfer within certain specified periods of time before or after the transfer. *See generally* 12 U.S.C.§ 2605. As relevant to Wilshire, RESPA requires "[e]ach transferee servicer to whom the servicing of a federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such notice, sale, or transfer." *Id.* § 2605(c)(1). Generally, a transferee servicer

---

[3]Wilshire and Capital One also argue that even if they could be held liable under the FDCPA, they "responded to Plaintiff's untimely request for validation of his debt." (Dfts.' Br. at 11 (citing Ex. E).) They also argue that although they were not required to do so, they provided Plaintiff with copies of the mortgage and promissory note "and additional documentation evidencing Plaintiff's mortgage indebtedness." (*Id.*) Plaintiff has failed to respond with evidence refuting Wilshire and Capital One's contentions. Thus, the Court finds that Wilshire and Capital One are entitled to summary judgment on this alternative basis.

6

must provide such notice "to the borrower not more than 15 days after the effective date of the transfer of the servicing of the mortgage loan (with respect to which such notice is made)." *Id.* § 2605(c)(2)(A).

Again Wilshire and Capital One refer to Mr. Barber's affidavit in which he states "Wilshire sent written correspondence to Plaintiff on February 23, 2001 notifying Plaintiff that the servicing rights for Plaintiff's [m]ortgage [l]oan were being transferred to Wilshire." (Barber Aff. ¶ 6.) As stated above, Wilshire acquired servicing rights to Plaintiff's mortgage loan on March 1, 2001.[4] (*Id.* ¶ 7.) Consequently, the evidence in this record shows that Wilshire complied with the written notice requirements of RESPA. Because Plaintiff has failed to respond with evidence providing otherwise, this Court finds that Wilshire and Capital One are entitled to summary judgment as to Count II of Plaintiff's complaint.

### 3. Count IV – Fraud

In Count IV of his complaint, Plaintiff seems to allege a common law claim of fraud. Rule 9(b) of the Federal Rules of Civil Procedure requires an allegation of fraud to be "stated with particularity." FED. R. CIV. P. 9(b). While this rule is read liberally, at a minimum, a plaintiff must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foarmex L.P.*, 2

---

[4]When Plaintiff obtained the mortgage loan from Life Bank he signed a "Servicing Disclosure Statement," which informed him that his mortgage loan was subject to the requirements of RESPA. (Dfts.' Mot. Ex. F.) In addition, Plaintiff signed a "Notice of

F.3d 157, 161-62 (6th Cir. 1993). Because Plaintiff merely quotes the section of American Jurisprudence defining fraud without identifying any allegedly fraudulent act undertaken by Wilshire and Capital One, (*see* Compl. Count IV), Count IV of Plaintiff's Complaint must be dismissed with respect to Wilshire and Capital One.

    4. <u>Count V – Fourteenth Amendment Violation</u>

In Count V of his Complaint, Plaintiff merely quotes an introductory paragraph of the court's opinion in *Garner v. Tri-State Dev. Co.*, 382 F. Supp. 377 (E.D. Mich. 1974). To the extent Plaintiff alleges that Defendants violated his Fourteenth Amendment right to due process, Plaintiff fails to state a Fourteenth Amendment claim against Defendants for foreclosure of his property by advertisement. As explained by the Sixth Circuit:

> "The constitutionality of foreclosure by advertisement has been reviewed and has been held valid previously by [the Michigan Court of Appeals] . . . by [the Michigan] Supreme Court . . . and the United States Court of Appeals for the Sixth Circuit. . . ." *Cheff v. Edwards*, 203 Mich. App. 557, 513 N.W.2d 439, 441 (Mich. Ct. App. 1994); *see also Northrip v. Fed. Nat'l Mortgage Ass'n*, 527 F.2d 23, 26-29 (6th Cir. 1975). In *Northrip*, this court found that the foreclosure by advertisement was "an incident of the private right to contract" and that "the state did not exert any control or compulsion over the creditor's decision to repossess." *Northrip*, 527 F.2d at 26-28, 527 F.2d at 26-28. Despite the existence of a statute to regulate foreclosure by advertisement in Michigan, and the involvement of the sheriff and register of deeds in the procedure, this court concluded that no state action existed for Fourteenth Amendment purposes. Therefore, the creditors that pursued foreclosure were not subject to constitutional restraints. Id. at 28-29 at 28-29.

*Ray v. Oakland County Drain Comm'n*, 115 Fed. Appx. 775, 777 (6th Cir. 2004)(unpublished)(alterations in original). Consequently, Count V of Plaintiff's complaint must be dismissed as to Wilshire and Capital One.

5. Count VI – Violation of Federal Banking Law 12 U.S.C. § 24(7)

Count VI of Plaintiff's complaint is entitled "Violated [*sic*] the Federal Banking Law 12 USC § 24(7)" and contains the following allegation:

> 49. The Plaintiff reallege [*sic*] and incorporates by reference paragraphs 1 through 48 of this complaint, inclusive of each and every paragraph and exhibit as though it were fully stated below word for word, paragraph for paragraph, exhibit by exhibit, and states as follows:

This allegation is insufficient to state a claim for which relief can be granted. Consequently, Count VI of Plaintiff's complaint will be dismissed with respect to Wilshire and Capital One.

## II. **Life Bank and Coastal Bank Will be Dismissed Without Prejudice for Failure to Properly Serve These Defendants**

On December 5, 2007, this Court issued an Order requiring Plaintiff "to show cause within fifteen (15) days why the within cause should not be dismissed without prejudice as to Defendants Life Bank and Coastal One Bank." (Doc. No. 29.) In its December 5, 2007 Order, the Court informed Plaintiff that it did not appear that service of the summons and the complaint were made upon Defendants Life Bank and Coastal Bank within 120 days of the filing of the complaint. *See* FED. R. CIV. P. 4(m). On December 20, 2007, Plaintiff filed an "Answer to Show Cause Why Case Should Not Be Dismissed, Without Prejudice." (Doc. No. 30.) In his Answer, Plaintiff does not mention service of the summons and complaint upon Life Bank and Coastal Bank.

Having reviewed Plaintiff's "Answer to Show Cause Why Case Should Not Be Dismissed, Without Prejudice" and finding no basis therein to set aside this Court's

December 5, 2007 Order, the Court concludes that it is appropriate to dismiss Defendants Life Bank and Coastal Bank without prejudice for failure to serve these Defendants within 120 days of the filing of the complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS ORDERED** that Wilshire and Capital One's Motion to Dismiss or, Alternatively, for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that Life Bank and Coastal Bank are **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to properly serve these Defendants within 120 days of filing of the complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to:
Daniel Waller
4710 Julius Blvd.
Westland, MI 48186

Timothy Myers, Esq.
Brandon K. Buck, Esq.